**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **RAYMOND BERNARD THOMAS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | **NO. 5:12-CV-139 (CAR)** |
| | : | |
| **CHASE SMITH,** | : | |
| | : | **Proceedings Under 42 U.S.C. § 1983** |
| **Defendant.** | : | **Before the U.S. Magistrate Judge** |
| _____ | : | |

## RECOMMENDATION

Before the Court is Defendant Chase Smith's Motion to Dismiss. Doc. 11. Because Plaintiff Raymond Bernard Thomas failed to exhaust his administrative remedies, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 15, 2012, Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendant used excessive force against Plaintiff in violation of Plaintiff's Eighth Amendment rights. Doc. 1. According to the Complaint, Defendant assaulted Plaintiff by grabbing Plaintiff's arm, pushing Plaintiff's head into the wall, and throwing Plaintiff to the ground at Central State Prison (CSP) on March 10, 2012. Id. Plaintiff claims that he did nothing to provoke the assault and that he did not resist Defendant. Id. Plaintiff maintains that his arm was injured as a result of the alleged assault. Id. Plaintiff seeks monetary damages for his injuries. Id.

## DISCUSSION

Defendant's Motion to Dismiss argues, among other things, that Plaintiff failed to exhaust his administrative remedies prior to filing his Complaint. Because Plaintiff did not file a

1

grievance regarding Defendant's alleged use of excessive force and because Defendant has shown that Plaintiff had the opportunity to timely file an informal grievance, Plaintiff's Complaint must be dismissed for failing to exhaust his administrative remedies.

The Prison Litigation Reform Act (PLRA) requires an incarcerated plaintiff to exhaust all of his available administrative remedies before bringing any action under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). Claims that are not properly exhausted must be dismissed. Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999). The Eleventh Circuit has made it clear that the exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998). In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies. Harper, 179 F.3d at 1312.

Where a motion to dismiss is based on the affirmative defense of failure to exhaust administrative remedies, the review of the motion involves a two-step process. See Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. Id. at 1082. If they conflict, the court takes the plaintiff's version of the facts as true. Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the compliant is not subject to dismissal under the plaintiff's version of the facts, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At the second stage of the analysis, it is the defendant's burden to prove that the plaintiff failed to exhaust his available administrative remedies. Id.

Based on the factual allegations in Plaintiff's Complaint as well as in his response to the instant Motion to Dismiss, accepted as true, the Complaint cannot be dismissed for failure to exhaust administrative remedies at the first step of the <u>Turner</u> analysis. In his Complaint, Plaintiff states that he filed a grievance regarding the alleged incident and addressed the issue with the "Internal Grievance Committee," but was informed that no action would be taken. In his response to the instant Motion to Dismiss, however, Plaintiff admits that he did not file a grievance regarding the incident. Plaintiff states in his response that he was unable to file a grievance because he was housed in an isolation unit. Plaintiff maintains that he requested a grievance form from Lt. Jackson and the duty officers in the isolation unit, but his request was ignored. Plaintiff contends that he was not released from the isolation unit until after the 10-day period to file an informal grievance had expired and that he was informed he could not file an out-of-time informal grievance.

Because Plaintiff contends that he was denied access to available administrative remedies, this case must be resolved at the second stage of the <u>Turner</u> analysis, which requires findings of fact. In support of his motion, Defendant submitted the affidavit of CSP Grievance Coordinator Shante Farley. Farley Aff. (Doc. 11-2). Defendant also attached a copy of the Georgia Department of Corrections Standard Operating Procedures (GDOC SOP) to Farley's affidavit. Attachment A (Doc. 11-3). Farley's affidavit and the GDOC SOP provide a detailed three-step grievance procedure that must be followed by inmates. Farley's affidavit states that grievance forms are available to inmates at the control rooms of all living units, and that inmates in isolation and segregation units are provided grievance forms upon request. Farley also states that Plaintiff never filed a grievance while at CSP regarding the alleged incident. Farley's testimony is supported by Plaintiff's grievance history (Doc. 11-6). Plaintiff's grievance history

indicates that Plaintiff filed three grievances at CSP, none of which relate to Defendant's alleged use of excessive force. Doc. 11-6.

Defendant has also provided Plaintiff's Movement History (Doc. 11-5), which refutes Plaintiff contention that he was not released from isolation until after the 10-day time period to file an informal grievance had passed. Plaintiff's Movement History shows that Plaintiff was released from the isolation unit and placed back into general population on March 15, 2012, four days after the alleged incident. As such, Plaintiff had at least five days within which he could have filed a timely informal grievance. Although Plaintiff alleges that he was told he could not file an out-of-time grievance, Plaintiff has failed to show that he could not obtain a grievance form to file a timely grievance once he returned to general population. Additionally, Petitioner's allegation that grievance forms are generally not available at the control rooms of the living areas is refuted by the fact that Petitioner filed two unrelated grievances after his return to general population.

Although Defendant also contends that Plaintiff could have filed an out-of-time informal grievance, it is unclear from the record that Plaintiff was aware of the ability to file an out-of-time informal grievance. The GDOC SOP referring to the prisoner's ability to waive the timeliness requirement for good cause refers to formal grievances. There is no mention of the ability to waive the timeliness requirement in the GDOC SOP section referring to informal grievances. The ability to file an out-of-time informal grievance is discussed in the Inmate Grievance Processing Manual, but there is no indication that inmates are provided with that manual. Plaintiff states that he was unaware of the manual, and his statement is supported by the manual's language that the purpose of the manual is to provide staff with a guide for the processing of grievances. Additionally, Plaintiff alleges that he was informed that he could not

file an out-of-time grievance. As such, the Court cannot conclude that Plaintiff was or should have been aware of the ability to file an out-of-time informal grievance.

Even though the record shows that Plaintiff was not aware of the ability to file an out-of-time informal grievance, the record shows that Plaintiff had the ability to timely file an informal grievance but failed to do so. Because Plaintiff's Movement History shows that Plaintiff was housed in general population at least five days before his time to file an informal grievance expired, Defendant has presented evidence to overcome Plaintiff's contention that he was unable to file a timely grievance due to conditions surrounding his placement in the isolation unit. Accordingly, Defendant has shown that Plaintiff had available administrative remedies that he failed to exhaust.

<u>CONCLUSION</u>

Because Plaintiff failed to exhaust his administrative remedies regarding Defendant's alleged use of excessive force at CSP, it is hereby **RECOMMENDED** that Plaintiff's claim be **DISMISSED** without prejudice. Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a  copy thereof.

**SO RECOMMENDED**, this 4th day of December, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge